1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                  SOUTHERN DISTRICT OF CALIFORNIA
7

8   David Wise,                          Case No.:  16-cv-00677-JLB
9                          Petitioner,
                                          **ORDER GRANTING MOTION TO**
10  v.                                    **DISMISS; DISMISSING THE**
                                          **PETITION; DENYING MOTION**
11  Sheriff Gore, et al.,                 **FOR SUMMARY JUDGMENT;**
                                          **DENYING CERTIFICATE OF**
12                         Respondent.    **APPEALABILITY**
13
14                                        [ECF Nos. 9, 17]
15

16                            **INTRODUCTION**

17        Upon consent of the parties, this case was referred to United States Magistrate Judge
18   Jill L. Burkhardt to conduct all proceedings and order entry of final judgment in accordance
19   with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

20        On April 11, 2016, David Wise ("Petitioner"), proceeding *pro se*, filed his first
21   amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").  On
22   May 10, 2016, the assigned magistrate judge issued a scheduling order, setting July 15,
23   2016 as the deadline for Respondent to file any motion to dismiss.  (ECF No. 6.)  On May
24   12, 2016, Petitioner filed an ex parte motion for summary judgment, seeking an order
25   allowing for Petitioner's release from San Diego County Jail prior to his scheduled release
26   date of June 3, 2016.  (ECF No. 9.)  However, Petitioner is no longer incarcerated as
27   reflected in the notice of change of address he filed with the district court on June 13, 2016.
28   (ECF No. 10.)

On July 8, 2016, the Court issued a revised scheduling order that extended the deadline for Respondent to file any motion to dismiss to August 15, 2016.  (ECF No. 16.)  Respondent timely filed a motion to dismiss the Petition.  (ECF No. 17.)  The deadline for Petitioner to respond in opposition to the motion to dismiss was September 14, 2016.  (ECF No. 16.)  Petitioner did not file a response to Respondent's motion.

After a careful review of the parties' submissions, and for reasons set forth below, this Court **GRANTS** Respondent's motion to dismiss, **DISMISSES** the Petition without prejudice, **DENIES** as moot Plaintiff's motion for summary judgment, and **DENIES** a certificate of appealability.

## BACKGROUND

Petitioner and his wife were jointly prosecuted for a number of white collar crimes.  Ultimately, both entered guilty pleas pursuant to negotiated plea agreements.  Petitioner was sentenced to a prison term of almost eight years, but he was permitted to serve that term in local custody in the county jail.  He completed that sentence some time ago, and thus, is no longer subject to loss of liberty as a result of this judgment.

Petitioner now seeks federal habeas corpus relief, but he expressly makes no challenge to his convictions.  Instead, he complains that, as a jail prisoner, he was treated less favorably than other prisoners committed to serve their time in state prisons.  In general, he complains that: (1) prison detainees were eligible for more credits against their sentences, so that a prisoner in prison might complete his sentence before those, like Petitioner, who served their time in county jail; (2) prison detainees enjoyed some better quality-of-life conditions, such as allegedly better medical and dental care; and (3) those in state prison could qualify for alternative confinement programs that were not available to jail prisoners.  Petitioner contends that these disparities violate his rights to equal protection of the laws or constitute cruel and unusual punishment.

## ANALYSIS

Respondent's motion to dismiss (ECF No. 17) is GRANTED because the Court construes Petitioner David Wise's failure to file an opposition in response to the motion as

constituting consent to the granting of the motion to dismiss under Civil Local Rule 7.1.f.3.c and because none of the claims are cognizable in a federal habeas corpus petition.

Petitioner was ordered to and failed to file an opposition to Respondent's motion to dismiss.  (ECF No. 16.)  Pursuant to the Court's July 8, 2016 scheduling order, the deadline for Petitioner to file his opposition to the motion was September 14, 2016.  (*Id.*)  In that same scheduling order, the Court warned Petitioner that "**Pursuant to Civil Local Rule 7.1.f.3.c, if an opposing party fails to file opposition papers in the time and manner required by the Court, that failure may constitute a consent to the granting of the motion to dismiss**.  (*Id.* (emphasis in original).)  To date, Petitioner has not submitted an opposition brief to Respondent's motion to dismiss, nor has he requested an extension of time in which to do so.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules.  *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); *Cano v. Hughes*, No. 13cv2335 H WVG, 2015 WL 2365687, at *4 (S.D. Cal. May 18, 2015) (same).  Before dismissing an action for failure to comply with local rules, district courts "weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'"  *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  That a plaintiff is proceeding pro se does not excuse his failure to follow the rules of procedure that govern other litigants.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Here, Respondent attached a proof of service to its motion to dismiss, signaling that Petitioner was served by First-Class Mail with the motion at his address of record on or about August 15, 2016.  (ECF No. 17 at 3.)  Petitioner, who is not incarcerated, was

provided adequate time to prepare a response. More than six weeks have passed since Petitioner's September 14, 2016 deadline to oppose the motion to dismiss and still Petitioner has not filed an opposition. Thus, the Court finds that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant" all weigh in favor of granting the motion to dismiss. *See Ghazali*, 46 F.3d at 53. Accordingly, the majority of the *Ghazali* factors weigh in favor of dismissal.

The "availability of less drastic sanctions" also weighs in favor of dismissal because Respondent has shown that none of Petitioner's claims are cognizable in this federal habeas corpus case. (*See* ECF No. 17.) In the operative petition, Petitioner raises certain claims relating to the conditions of confinement during the time period in which he was incarcerated. Such claims *must* be brought exclusively in an action under 42 U.S.C. § 1983 pursuant to the Ninth Circuit's recent decision in *Nettles v. Grounds*.[1]  *Nettles*, 830 F.3d 922, 927 (9th Cir. 2016). Petitioner's remaining claims challenge only Petitioner's eligibility for an alternative custody program and conduct credits towards completion of his sentence. He expressly pleads, "I'm not challenging my conviction." (ECF No. 4.) Because Petitioner already completed his sentence, these claims concerning his sentence are moot.

Petitioner bears the burden to demonstrate some remaining consequence that permits this action to continue[2] and he has failed to do so. In fact, there is nothing in the record to

---

[1] The Court notes that the Petition is not amenable to a simple conversion from a § 2254 habeas corpus petition to a civil rights claim under § 1983 because, as discussed herein, some of Petitioner's claims—those addressing conduct credits—appear to fall within the habeas core, such that those claims could not be part of a § 1983 action. *See Nettles*, 830 F.3d at 936.

[2] *See United States v. Hardy*, 545 F.3d 280, 284 (4th Cir. 2008) (absent a presumption of collateral consequences, the prisoner bears the burden of demonstrating collateral consequences sufficient to meet Article III's case-or-controversy requirement); *DeFoy v. McCullough*, 393 F.3d 439, 442 n.3 (3d Cir. 2005) ("It is a petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot."); *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999) ("The petitioner has the burden to establish [some concrete and continuing] injury, and if he fails to satisfy his burden we must dismiss for lack of jurisdiction.").

show that some remaining consequence exists with respect to Petitioner's completed sentence to satisfy the case-or-controversy requirement of Article III, § 2 of the United States Constitution. Therefore, each of the *Ghazali* factors weighs in favor of granting of the motion to dismiss under Civil Local Rule 7.1.f.3.c.

Dismissal is also appropriate because, as explained in the Court's analysis above of the last *Ghazali* factor, Respondent has met its burden to show that none of Petitioner's claims are cognizable in a federal habeas corpus petition. Petitioner challenges the conditions of his confinement and his eligibility for a reduction or alternative program to in his now completed sentence. Petitioner's conditions of confinement claims must be brought in an action under 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 927. And Petitioner's eligibility claims concerning his sentence are moot. Therefore, Respondent's motion to dismiss is GRANTED.

## <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A state prisoner may not appeal the denial of a Section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that jurists of reason could not find it debatable whether this Court was correct in dismissing the Petition. The Court denies a certificate of appealability.

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.     Respondent's motion to dismiss (ECF No. 17) is **GRANTED**, and the Petition (ECF No. 4) is hereby **DISMISSED WITHOUT PREJUDICE** to filing an amended petition for writ of habeas corpus in this case and/or filing a separate action pursuant to 42 U.S.C. § 1983 concerning the conditions of confinement claims.  Any amended petition for writ of habeas corpus must be filed by **November 21, 2016**;

2.     Petitioner's Ex Parte Motion for Summary Judgment and Order to Show Cause (ECF No. 9) is **DENIED WITHOUT PREJUDICE** as moot;[3]

3.     Petitioner is DENIED a certificate of appealability; and

4.     The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  November 7, 2016

*Jill Burkhardt*

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[3] The motion (seeking early release) is moot as Petitioner is no longer in custody and as the Petition fails to state a cognizable federal habeas corpus claim.